[711 NYS2d 771]

In the Matter of LEONARD SHOOB (Admitted as LEONARD SCOTT SHOOB), a Suspended Attorney, Respondent.

Second Department, July 10, 2000

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Melissa D. Epstein* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Leonard Shoob,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Leonard Shoob has submitted an affidavit dated February 23, 2000, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9).

Mr. Shoob avers that numerous charges of professional misconduct are presently pending against him. These charges are set forth in a petition served upon him on January 6, 2000. The charges include conversion, commingling, engaging in conduct prejudicial to the administration of justice, and failure to maintain the required records for his attorney escrow account. Mr. Shoob acknowledges that he cannot successfully defend himself on the merits against those charges.

Mr. Shoob avers that he is represented by counsel and is fully aware of the implications of submitting this resignation. He acknowledges that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress. Mr. Shoob asks the Court to note that he was addicted to cocaine during the time he engaged in the aforesaid misconduct.

Mr. Shoob's resignation is submitted subject to any application which the Grievance Committee might make for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Shoob acknowledges the continuing jurisdiction of the Court to make such an order. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Shoob's resignation.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, Mr. Shoob is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the resignation of Leonard Shoob is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leonard Shoob is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Leonard Shoob shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leonard Shoob is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.